Good morning, Your Honors. My name is John Lanihan. I'm representing the Appellant, Mr. Cruz. There is no dog in this case. Your Honor, the issue here is whether or not the District Court erred in imposing consecutive rather than concurrent supervised release terms. And essentially this is, the debate between government counsel and I is focusing on, and down at the District Court too, was focusing on the applicability of U.S. v. Jackson. And essentially Jackson, and I got into in my reply I think some very close analysis of the facts of that case because I think that that case can be distinguished from what the argument that we're making here is. The argument we're making here is that at the time of revocation, in imposing now rendering what were originally concurrent supervised release terms into consecutive prison terms, the District Court was resentencing Mr. Cruz and did not have jurisdiction to impose consecutive as opposed to concurrent terms. This issue was discussed by this Court in Jackson, but ultimately that was not the issue in Jackson. In Jackson, the issue was, the argument was under 3624 E, that because it is presumed at the time supervised release terms are served that they are supposed to be concurrent, that that means when they're revoked they have to be concurrent. And what this Court said in Jackson is no, the District Court can do whatever the District Court could have done at sentencing. So that's why looking at the facts of Jackson and looking at the facts of this case are important. In Jackson there were three cases. Jackson had a case originally in the Central District and he was sentenced in the Eastern District. Those two cases were found to be related cases under 3D1.2 of the guidelines. So they were ordered to run concurrent as they would have to. Well, now they don't have to anymore in light of Booker and Fanfan, but they're suggested to run concurrent. Then there was a third case which was totally unrelated, which was in Missouri, which was run concurrent because of a cooperation. It had nothing to do with the operation of how they would be related. Jackson then comes back on a revocation and they were consolidated in front of the Eastern District and the Eastern District ran the two supervised release terms in the Central District and the Eastern District concurrent, but imposed a consecutive for the one in Missouri. Now, under the operation of the guidelines, if one went back at the time of initially sentencing, that's exactly what the district court could do because the two cases were related, the Central and the Eastern District, those would be running concurrent and then would have the option to run the one in Missouri either concurrent or consecutive. Well, in this case it was in front of the same district court judge and the district court found, I included the probation report, and the district court found that these were closely related counts that grouped. One was conspiracy to possess and transfer a machine gun and the other was the actual possession of the machine gun itself. So going back then to the time of what options were going to be available at the district court at the time of resentencing, since they had to be run concurrent as prison terms, I'm saying that the supervised release terms also had to be run. Because of the grouping rules? Well, yes, essentially. But grouping only deals with determining a defendant's offense level. It doesn't have anything to do with imposing consecutive sentences or not. Well, grouping does if they're closely related because what it says is, yes, it does the total offense level. Right. But if they are closely related counts, what it says is you put it all in one big pile and ultimately the total sentence, the largest pile, covers everything. And that's what happened in this case. The district court found that the range was 57 to 71 after grouping everything together and imposed 65 months. Now, one is a 10-year max, and I think actually at the time of the original sentencing everybody was in the state because the second count was actually a 5-year max, not a 10-year max, so it couldn't have been a 65-month term. But rather than imposing 10 years plus 5 years, the guidelines say if it's closely related under 3D1.2, put it all in one big pile, and whatever the top of the pile is covers everything. If it covers everything, that means it's concurrent. So looking back in terms of the analysis of what would be the options of the district court. Now, Judge Schratz, you're right in that just to focus on it, it does not say that supervised release terms have to run concurrent or conset. Right. Okay. But what it does say, but there is a presumption in 3624 toward concurrent as opposed to consecutive, and also in 3584. Let's assume you're right. Presumption, that doesn't mean it's a conclusive presumption. Well, but this, that's true, but at the time. The court took a look at the facts and circumstances and decided to make it different. But. Is that an abuse of discretion under these facts? Well, I don't want to answer your question with a question. I'm not talking about now reimposing supervised release. I'm talking about re-imprisonment. I'm talking about a new prison term after supervised release is revoked. What does Rule 35 have to do with this? Well, Rule 35 says, my argument is that Rule 35 is that the limitations on resentencing is limited to seven days. So that by going back and now imposing. Rule 35, the way I read it and where I've read it for years, deals with a correction of erroneous sentences. It doesn't say anything at all about sentencing for violation of terms of supervised release. Well, the only reason why I'm citing Rule 35 is to say to the extent that the district court has any jurisdiction to modify a sentence after it's imposed, the extent to which there is jurisdiction is Rule 35. I'm not saying. Rule 35 deals with the correction of erroneous sentences. Rule 35 provides jurisdiction to correct an erroneous sentence. Right. Okay. That's the reason why I cite Rule 35 is saying that that is the only circumstance in which a district court can go back and resentence after sentence has been imposed and that that period is seven days. Because it was an erroneous sentence? I don't follow your Rule 35. No. My claim is that there is no jurisdiction, period. Because of Rule 35? No. My argument is that Rule 35 is the only possible extension. And so I'm not sure it's not actually a fortiori proof. But what I'm trying to do. It's a straw man argument. What? Excuse me? It's a straw man argument. Rule 35 is the only way. Rule 35 doesn't work. Therefore, you can't do it. Well, I don't know if it's a straw man argument. You set it up and knock it down. What I'm saying is that to the extent that there is only some way in which a district court can go back and change a sentence, it is that and this doesn't fit that. It's Rule 35. Right. And therefore, and this is not. You can't have a straw man that doesn't work and shoot it down. Well, but the point is, the point ultimately, whether we're going to go into a logical analysis or not, is that there is no basis for the district court to now render what were originally concurrent supervised release terms and render them now consecutive prison terms. Well, what about the conduct of your client? Well, the conduct of my client gets him revoked. Why do you want to argue this? Do you want to make it impossible to get concurrent probation? No, I don't. You see what happens, though. Judge Schroeder is absolutely right. If we were to hold this way, then the judges down below would simply set it up so it would always be consecutive. Well, but ultimately, people aren't supposed to violate supervised release. I do want to have this because if a judge does impose a concurrent supervised release term, that later on the ultimate prison term that's imposed is less. One is not supposed to do it. Judge Brewster said in San Diego, we're all on probation. We're not supposed to somehow or other violate the law. So, I mean, I understand it's a policy argument. Yes, perhaps I could win this small battle and make the war much more difficult. But, well, I'm not here to do a systemic analysis. I am here to help Mr. Cruz. You're right. So, but essentially what the. Oh, did you. Okay, go ahead. So, I mean, the point is that in looking at this, this was not a modification of a term of supervised release. And under the Navarro case that's signed by the government, and this Court said, you know, we're not. When you go back and modify, Rule 35 has nothing to do with that. All right. Rule 35, this is a modification of a term of supervised release. But this is different. We're not, we're no longer within the ambit of supervised release. We have ended supervised release. We are now into the point of imposing an additional prison term. And by imposing that prison term, by those consecutive prison terms, the Court has essentially rendered what was a concurrent supervised release term now a consecutive prison term. And that is beyond the scope of what I think the district court had. And also, it would really be beyond what the scope of the district court had at the time of the original sentencing. Because at the time, the sentences were to run concurrent under the grouping provision. So since they were to be run concurrent. The only pre-guideline cases where a judge imposes concurrent sentences and then there's a violation of probation or parole and the person, the defendant's brought back and the judge then imposes a consecutive sentence. Well, nobody ever raised jurisdiction before. So, I mean, I'm. Aren't there any cases in other circuits on your side? No. But aren't they against you? No, this is. Well, the ones, the case in the other circuits that this Court had relied on in Jackson, again, were all relying on the construction of 3624. 3624 was saying that because it says that they have to be concurrent at the time when they're supposed to be, served concurrently, that, therefore, when they're revoked, they have to be imposed concurrently. I'm not saying that. What I'm saying is that you go back to what was the original sentence at the time. Since the sentences were supposed to be concurrent under the grouping provisions, so were the supervised release terms. And by rendering them consecutive, the judge modified that sentence. This was then a, this was not a modification of the terms of supervised release. This was a modification of the sentence. That's why I'm saying there's no jurisdiction. Am I correct in thinking that your argument makes Jackson wrong? No. You can't do what was done under Jackson? No. You could do absolutely what was done under Jackson. Because in Jackson, the closely related cases, the supervised release terms, were revoked and served concurrently. Those terms were made concurrent. The one that was rendered consecutive was the one that was an unrelated case out of Missouri. So it's the grouping. Yes. Yes. That makes the difference. That's where we started. Okay. All right. Thank you. No, I'll stay. I just want a few more minutes for rebuttal. Okay. You have more than Easter time. Okay. Good morning, Your Honors. Christopher Chinorio for the United States. May it please the Court. There's a couple of key distinctions here as to why Jackson makes absolutely, or there's absolutely no difference between this case and Jackson. First of all, contrary to what's implied, Judge Keefe, at the time of the original sentence, had no option but to impose the supervised release terms concurrently. And that's because Section 3624E, the same one that is analyzed in Jackson, says whenever, whether they're federal or state, whenever there are more than one term of supervised release, they're going to run concurrently. So it's not a matter of her limiting her options at that point, whether she could have done concurrent or consecutive. What she could have done that might have made this differently is say, well, I'm just going to impose one term of supervised release and not the other. Now, under 3583, there are three important points in the procedure that we look at, the time of sentencing, the time of release from imprisonment, and the time of revocation. At the time of sentencing, Section 3583A provides that a court may impose a term of supervised release unless it's referred to. It's clear that she had imposed a sentence on one of the counts that was stacked. And on the other, on the other, is there any way she could have suspended imposition of sentence? Well, she could have just given supervised release term on one of the counts of conviction and not the other. What 3583A provides is that you may impose it unless you're required to by statute or it's a first-time domestic violence offense. Both of these offenses were under 18 U.S.C. 922, which does not, within that statute, mandate a supervised release term. So the only option that she chose was to give two terms of supervised release. Now, whether or not she imposes those, she has to consider the terms under Section 3553, which delineate all the considerations. Now, the next, the next important point is at the time. She was required to make them concurrent, two sentences. Right. And that we get from, at the time, the Section 3624E, when he is released from imprisonment, all of the terms, all the terms of supervised release must run concurrently. And that's what it provides. So she, she did not have a choice. Even if she said, I want them to run consecutively, the statute says that they run concurrently, whether they're from the same court, different federal courts, or from another state. Then. So where does she get the power to impose consecutive sentences on the, on the supervised release violation? That's, that's what brings us to the third point, the revocation of the supervised release. Then, based on Jackson and the other cases that it, that it cites, we go to 3583E3, which provides the jurisdiction for us to revoke supervised release. What is the relevance of the grouping? Does grouping mean that you're supposed to kind of treat them all together like one? Well, frankly, Your Honor, I don't, I don't believe it has any weight whatsoever. The, the grouping might have something to do with the imprisonment sentence. The courts did not cite that as being relevant in these cases on the imposition of supervised release following revocation. And frankly, there's no statute that says that that should be taken into consideration. All that we do have is that Section 3583E3 provides that you can revoke. You go to Federal Rule of Criminal Procedure 32.1, not 35, to, to develop the procedure. And then, to answer, Your Honor, your question whether we, how we get the, how she got the power to provide consecutive sentences, that comes from 3584A, and that was recognized in, in Jackson and all of its cases. So let me ask you this. These are drug offenses, and you, you have two sales, and they're similar, and they're close, fairly close together. And so you, you're required to group them, and to make one, one is eight ounces, and one is 50 grams, and one is 100 grams. And so you, you group them so you've got 100. Isn't this how it works? Pretty much, yes. So you get 150. So that determines the, the range? It does. It does. In the original sentence. Without the presumptive range or whatever it is. And so can, can the judge, if they're grouped and you get that range, can the judge then impose consecutive sentences? Yes. Once they've been grouped? Well, I believe so. I, you know, first you go to the underlying statute and then to the, to the guidelines. And now, of course, since the guidelines are advisory, if the court considers the other factors under 3553, it says, no, we're not, we don't have to group here because of A, B, and C. So let's, let's go back to the old system. Okay. It's mandatory. Could they have, could the judge have grouped them? So this gives me for this group a range of five years to ten years, and I'm going to impose two consecutive eight-year terms. Well, there's a, there's a couple ways that they could. One, they could by departure, but also. Yeah, but it would be a departure. Yes, I believe so. Or to say that the two events were not part of the same transaction. Right. Yeah, but then you wouldn't group them. Then you wouldn't be grouping. That's true. That's true. You know, it seems to me, I mean, I did a certain amount of sentencing in my younger days. And, you know, I always sort of adhered to the approach that once I sentenced someone, that was it. And here, here you have concurrent sentences imposed. And then they come back and, you know, you make them consecutive. It's just, it doesn't seem right to me. Well, I understand the concern. Well, what you're looking at is E3. And that says you revoke a term of supervised release. And then it says what can happen and what can't happen and what the limitations are. And you're saying that the sentence here was within E3. Correct. Absolutely. And it was made. And you're able to make it consecutive or concurrent under 3584. Because you can revoke a term of supervised release, which would be both of them, I guess, in this case. And then depending on what the felony is, you can give five, three or two years in prison. Correct. And here's what she did. Yes, they were both two years put together. Or actually 12 on one, 24 on the other. Read me that language. In 3583, it provides that the court may, after considering the factors set forth in Section 3553, revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release. And then it goes on. Pursuant to the federal rule of criminal procedure applicable to revocation of probation or supervised release. And then the later language limits it to no more than two years if it is a Class C or D felony, which was the case here. Well, where does it say that you can undo a concurrent sentence and turn it into consecutive? To consecutive terms, Your Honor? Yes. That comes directly from the Jackson case, which says that Section 3584 is applicable. In the Jackson case, you had two cases from California were stacked, huh? Then you had the Missouri one, which is. Which was also stacked originally. But doesn't it follow from revoking the term of supervised release that the term is revoked, including the concurrent sentences part? Yes, it does. And also, I think that in Jackson, all three sentences were concurrent. Upon revocation, there was two that were concurrent, one that went consecutive. And what they went to is said that 3584 explicitly says that multiple terms of imprisonment imposed at the same time, the terms may run concurrently or consecutively. And those cases, Jackson and all the ones that it cited too, said that that specifically applies also in terms of revocation of supervised release. Nothing limits the discretion of the district court at that point. Now, to get back to your concern that what could the judge have done at the time of originally sentencing, what she did was say you are on two terms of supervised release. You're going to get a benefit that they're only going to run for three years total because they're running concurrently. But you're on notice that any time you commit an offense, which he did, you can serve time for those terms of supervised release. You know, I just am not understanding what's going on here. What sentence did he get? Originally, his original sentence, it was 65 months in custody and then two consecutive terms of three-year supervised release. Two concurrent terms of three years. And when it was revoked, what did he get? He received 36 months' sentence, which is based on 24 months for one term of supervised release and 12 months for the other. And that was consistent with the guidelines, which required 36 months. Required 36 months. So if he comes down. I thought the guidelines required 24 months. No, 24 months per term maximum. So he got no more than 24 months for either term, but a total of 36 months. So he got an extra 12 months as a result? Well, no, he got 24 months for the revocation of one term and 12 months for the revocation of the other term. And he could have gotten up to three years because each term of supervised release was three years. But if you took them separately, the maximum would have been two years on one, two years on the other. Correct. So if he had only been on one term of supervised release, he could only have received 24 months. Okay. Well, you know. It's 12 months. I'd just like the American citizens in the audience to kind of understand the sentencing guidelines and how beautiful they are and how consistent they are and how they're more complicated than the Internal Revenue Code. I believe so. And, unfortunately, what we have to do is read them in conjunction with the statute that limits the maximum but also allows for consecutive time. Okay. I think we understand that. Thank you. Now their application is discretionary. Correct. Salvation has arrived. Okay. Thank you. Thank you. The case discarded is submitted. The next case listed, Yuan v. United States, has been dismissed. The next case for argument is the First Alliance mortgage matter versus Chisholm. Thank you.
judges: Schroeder, Pregerson, Trott